

# The Attorney General of Texas

April 23, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711· 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Stan Schlueter
Chairman
Ways and Means Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78763

Opinion No. JM-311

Re:  Constitutionality of House
Bill No. 1751, Acts 1985, Sixty-
ninth Legislature

Dear Representative Schlueter:

You ask about the constitutionality of House Bill No. 1751, Acts 1985, Sixty-ninth Legislature, which provides for an amnesty period for the payment of delinquent property and local sales taxes without the imposition of a penalty. Specifically, you wish to know whether House Bill No. 1751 violates either article VIII, section 10 of the Texas Constitution which forbids the legislature from releasing any taxpayer from the payment of state or county taxes unless specifically permitted therein, or article III, section 55 of the Texas Constitution which prohibits the release or extinguishment of an "indebtedness, liability or obligation of any corporation or individual to this State . . ." or any other political subdivision. We conclude that it violates neither.

House Bill No. 1751 contains the following in pertinent part:

ARTICLE 1.  AMNESTY FOR PROPERTY TAX PENALTIES

SECTION  1.  PROPERTY  TAX  AMNESTY  PROGRAM. (a)  If a property owner pays in full a delinquent property tax and all outstanding interest on the tax during the period beginning September 1, 1985, and ending November 30, 1985, <u>all penalties incurred by the delinquent tax under Sections 33.01 and 33.07, Tax Code, are extinguished.</u>

. . . .

SECTION  2.  PENALTIES IN LITIGATION OR REDUCED TO  JUDGMENT  NOT  AFFECTED.  Section 1 of this article does not apply to:

(1) a penalty incurred by a delinquent property tax if a suit to collect the tax is pending on September 1, 1985; or

(2) a penalty included in a judgment rendered before September 1, 1985, in a suit to collect a delinquent property tax.

.  .  .  .

ARTICLE 2.  AMNESTY FOR LOCAL SALES AND USE TAX PENALTIES

SECTION 1.  LOCAL SALES AND USE TAX AMNESTY PROGRAM.  (a)  If a person pays in full a delinquent sales and use tax imposed under the Local Sales and Use Tax Act (Article 1066c, Vernon's Texas Civil Statutes), Section 11B, Chapter 141, Acts of the 63rd Legislature, Regular Session, 1973 (Article 1118x, Vernon's Texas Civil Statutes), or Section 16, Chapter 683, Acts of the 66th Legislature, Regular Session, 1979 (Article 1118y, Vernon's Texas Civil Statutes) and all outstanding interest on the tax during the period beginning September 1, 1985, and ending November 30, 1985, all penalties incurred by the delinquent tax under those laws are extinguished.

.  .  .  .

SECTION 2.  PENALTIES IN LITIGATION OR REDUCED TO JUDGMENT NOT AFFECTED.  Section 1 of this article does not apply to:

(1) a penalty incurred by a delinquent sales and use tax if a suit to collect the tax is pending on September 1, 1985; or

(2) a penalty included in a judgment rendered before September 1, 1985, in a suit to collect a delinquent sales and use tax.

.  .  .  .

SECTION 4.  CERTAIN PENALTIES NOT AFFECTED.  This article does not affect penalties on delinquent taxes imposed under the Limited Sales, Excise, and Use Tax Act (Chapter 151, Tax Code).  (Emphasis added).

Article VIII, section 10 of the Texas Constitution provides the following:

§10. Release from payment of taxes

Sec. 10. The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature.

Article III, section 55 of the Texas Constitution provides the following:

§55. Release or extinguishment of indebtedness to state, county, subdivision or municipal corporation

Sec. 55. The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years. (Emphasis added).

And article III, section 56 sets forth the following in pertinent part:

§56. Local and special laws

Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

. . . .

Remitting fines, penalties and forfeitures, and refunding moneys legally paid into the treasury. . . . (Emphasis added).

The issue before us is whether a penalty imposed upon a taxpayer for failing to pay a tax is itself a "tax" for purposes of article VIII, section 10 or is an "indebtedness, liability or obligation" for

purposes of article III, section 55 and cannot thereby be released. On the authority of Jones v. Williams, 45 S.W.2d 130 (Tex. 1931), [hereinafter Jones] we conclude that it is not.

At issue in Jones was the constitutionality of a statute which in all material respects tracks House Bill No. 1751. That statute provided

> [t]hat all interest and penalties accrued and as now fixed by law, on all . . . taxes . . . other than [taxes of] incorporated cities and towns, delinquent up to and including October 20, 1931, shall be, and the same are hereby released, provided said taxes are paid on or before January 31, 1932.

Jones, supra, at 131. The court first rejected the assertion that the statute could be sustained by reliance upon article VIII, section 10. If such exactions imposed upon taxpayers for failing timely to tender payment of accrued taxes are themselves "taxes" for purposes of article VIII, section 10, then the court, after concluding that the statute at issue was not posed pursuant to the "great public calamity" requirement, would perforce have struck down the statute. Because it did not, it is clear that the court did not conclude that such exactions constitute "taxes."

Nor did the court in Jones consider such exactions an instance of an "indebtedness, liability, or obligation" for purposes of article III, section 55. If the court had concluded that such exactions were in reality interest eo nomine imposed by the state as compensation for the detention of its money rather than view such exactions as a form of "penal interest," the statute would have run afoul of article III, sections 51 and 55. The court set forth the history surrounding attempts to enforce public revenue and tax collection procedures and declared

> [o]n the whole, we have concluded that the impositions made for delinquency in rendering property for taxation, and for failure to pay taxes, whether these impositions are denominated 'penalties,' 'interest,' 'forfeitures,' or whether prescribed without definition or name, are all in reality penalties imposed for delinquency or failure of duty, and all enacted in and of the state's revenue, rather than as charges made by the state for the use or detention of its money. In other words, the exactions are 'penalties' rather than 'interest' in the commercial or statutory sense. (Emphasis in original).

Honorable Stan Schlueter - Page 5   (JM-311)

Jones, supra, at 133.  The court concluded that

> [w]e think the act is constitutional for the reason that the [l]egislature has the power to release, cancel, annul, or suspend penalties previously accrued for delinquent taxes, so long as these penalties have not been reduced to final judgment.

Id.

And finally, in response to the claim that the statute at issue violated article III, section 56, which prohibits the legislature from passing certain local and special laws remitting penalties, the court concluded that the legislature by implication could remit such penalties by general law.

> The only express limitation on the right of the Legislature to remit penalties is that specified in section 56 of article 3, which prohibits the Legislature from 'remitting fines, penalties, and forfeitures by special law.' The necessary implication from the language used is that 'fines, penalties and forfeitures' may be remitted by general laws, such as the one before us. . . . Nor do we think that the Legislature is prohibited, either expressly or by necessary implication, by the language of any other section of the Constitution. If it be said that the provisions of sections 51 and 55 apply to penalties imposed for tax delinquency, then, for the same reason, we would be compelled to say they apply to all classes of penalties, and to fines and forfeitures as well. Such a construction would render meaningless the power clearly reserved to the Legislature by the terms of section 56 of article 3, to release 'fines, penalties and forfeitures' by general law. (Citations omitted). (Emphasis in original).

Jones, supra, at 137.

Accordingly, we conclude that House Bill No. 1751 providing an amnesty period for the payment of delinquent property and local sales taxes without the imposition of a penalty violates neither article VIII, section 10 nor article III, sections 51 and 55 of the Texas Constitution.

## S U M M A R Y

House Bill No. 1751, Acts 1985, Sixty-ninth Legislature, which provides an amnesty period for the payment of delinquent property and local sales taxes without the imposition of a penalty, violates neither article VIII, section 10 nor article III, sections 51 and 55 of the Texas Constitution.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood